UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

AML IP, LLC,                              §
                                         §
              Plaintiff,                  §
                                         §
v.                                       §        CIVIL NO. W-23-CV-00736-ADA
                                         §
SALLY BEAUTY SUPPLY, LLC,                §
                                         §
              Defendant.                 §
                                         §

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant Sally Beauty Supply LLC's ("Sally Beauty Supply") Motion to Dismiss for Failure to State a Claim. ECF No. 15. Plaintiff AML IP, LLC ("AML") opposes the motion. ECF No. 18. Sally Beauty Supply replies in support. ECF No. 19. Having reviewed the parties' briefing, the relevant facts, and the applicable law, Sally Beauty Supply's motion is **DENIED**.

## I.      BACKGROUND

U.S. Patent No. 6,876,979 ("the Asserted Patent") is titled "Electronic Commerce Bridge System." '979 Patent at [54]. Patented on April 5, 2005, it describes a system and method for supporting e-commerce transactions between multiple service providers, vendors, and users who may or may not be associated with each other. *Id.* at [45]; [57]. The Asserted Patent mediates these transactions by means of a bridge computer. *Id.* at 1:43–45. The bridge computer determines how to debit and credit transaction participants based on who is associated with whom. *Id.* at 1:51–53. In doing so, the bridge computer enables a user to purchase from a vendor without needing to register with that vendor's associated service provider. *Id.* at 3:44–47.

On October 30, 2023, AML filed suit against Sally Beauty Supply claiming it infringed the Asserted Patent. ECF No. 1 at 2. It alleges Sally Beauty Supply infringed the Asserted Patent by facilitating purchases using a bridge computer that implements the inventions claimed in the Asserted Patent. *Id*. at 2–3. Sally Beauty Supply now moves to dismiss AML's claims for failure to state a claim. ECF No. 15 at 1–2. It argues both that the Asserted Patent is directed to ineligible subject matter and that AML has failed to plausibly allege infringement. *Id.*

## II.    LEGAL STANDARD

A party may move to dismiss a claim if the complaint has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under [R]ule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. When considering a Rule 12(b)(6) motion, a court must assume that all well-pled facts are true and view them in the light most favorable to the non-moving party. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

A.    **Motion to Dismiss for Failure to State a Claim: Patent Eligibility**

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted).

In *Alice*, the Supreme Court articulated a two-step framework for determining whether a patent is directed to eligible subject matter. *Id.* at 217. At Step One, a court must determine whether the disputed claims are "directed to a patent-ineligible concept," such as a law of nature, natural phenomenon, or abstract idea. *Id.* at 216–17. Should a court find these claims to be directed to a patent-ineligible concept, it reaches Step Two of the *Alice* framework. *Id.* at 221 (citing *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 71–72 (2012)). At Step Two, a court looks for an inventive concept—"an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*. at 217–18 (quoting *Mayo*, 566 U.S. at 72–73) (brackets omitted)). Step Two is satisfied "when the claim limitations involve more than performance of well-understood, routine, and conventional activities previously known to the industry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (cleaned up) (quoting *Content Extraction & Transmission LLC v Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014)).

Resolving questions of patent eligibility "requires a full understanding of the basic character of the claimed subject matter." *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) (citations omitted). Disputed claim constructions can undermine such an understanding.

3

*Bancorp Servs., LLC v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012) ("[I]t will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter.").

    **B.**    **Motion to Dismiss for Failure to State a Claim: Direct Infringement**

Direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). The pleading standard for direct infringement involves a flexible inquiry into "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). A pleading may not depend on an infeasible claim construction and may not contain factual allegations that are inconsistent with direct infringement. *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 444 (W.D. Tex. 2023) (first citing *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018); and then citing *Bot M8*, 4 F.4th at 1354).

**III.**    **ANALYSIS**

    **A.**    **Motion to Dismiss for Failure to State a Claim: Patent Eligibility**

Sally Beauty Supply argues that AML has not alleged a plausible infringement claim because the Asserted Patent's claims are ineligible under 35 U.S.C. § 101. ECF No. 15 at 8, 13–14. If the patent is ineligible, Sally Beauty Supply asserts AML's complaint should be dismissed. *Id*. at 1. According to Sally Beauty Supply, Claim 1 of the Asserted Patent is directed to an abstract idea that does not contain an inventive concept and is thus unpatentable under the *Alice* test. *Id*.

4

at 8, 13–14. Sally Beauty Supply states that the Asserted Patent's remaining claims are similarly ineligible. *Id*. at 13.

AML responds that the Asserted Patent's claims are directed at unconventional, concrete steps that teach a solution, unavailable before this patent, to solve a problem specific to e-commerce—namely, allowing a customer to purchase from a vendor without registering with that vendor's associated service provider. ECF No. 18 at 9, 13. It distinguishes the Asserted Patent's solutions from a situation where a computer is an added element used only to automate what was done manually before. *Id*. at 9–11. It also argues that the Asserted Patent has inventive concepts and factual allegations that preclude dismissal at this state. *Id*. at 11–13.

This Court typically reserves its ruling on patent eligibility for a later stage of litigation. Sally Beauty Supply filed its motion prior to claim construction and the close of discovery. Sally Beauty Supply nonetheless asks the Court to resolve the issue now, contending that there are no claim construction issues or factual disputes present that would impede the Court's analysis. ECF No. 15 at 16. AML does not ask the Court to delay the patent eligibility issue either, instead presenting lengthy arguments for why the Asserted Patent's claims are eligible. ECF No. 18 at 5–11. However, AML does not concede that there are no factual disputes here. *Id.* at 12. Fact issues plausibly exist—the parties seem to disagree about what exactly Claim 1 of the Asserted Patent does. *Compare* ECF No. 15 at 9–11, *with* ECF No. 18 at 9–11. Sally Beauty Supply disputes AML's characterization of the Asserted Patent as limited to a specific e-commerce problem and not directed to a fundamental practice. ECF No. 19 at 3–4. On AML's contention regarding the Asserted Patent's specificity to e-commerce, Sally Beauty Supply only offers a bare assertion that the Asserted Patent is not so limited. *Id.* at 4. And on AML's contention regarding the Asserted Patent and patent-ineligible fundamental economic practices, Sally Beauty Supply again

makes a bare assertion. *Id.* It suggests the number of similar disputes between AML and other retailers bolsters its position that the Asserted Patent is directed to a patent-ineligible abstract idea. *Id.* However, it provides no evidence to this effect. *See id.*

Because of these disputes, Sally Beauty Supply has not met its burden to show clear and convincing evidence to surmount an issued patent's presumption of validity. Given the persistence of factual disputes, the Court believes that delaying the determination of the Asserted Patent's § 101 eligibility is the wisest course of action. Therefore, Sally Beauty Supply's motion to dismiss for failure to state a claim due to patent ineligibility is **DENIED** without prejudice to renewing its argument at the summary judgment stage.

**B.      Motion to Dismiss for Failure to State a Claim: Direct Infringement**

Sally Beauty Supply argues that AML fails to state a plausible claim of direct infringement. ECF No. 15 at 17. First, Sally Beauty Supply contends that the Asserted Patent requires multiple service providers where at least one is not associated with a given vendor and that AML fails to identify such a service provider. *Id.* Second, Sally Beauty Supply asserts that AML's alleged service provider is not, in fact, a service provider under this Court's prior claim constructions. *Id.* at 18.

First, Sally Beauty Supply asserts that AML fails to identify an unassociated service provider as the Asserted Patent necessitates. *Id.* at 17. Where AML alleges credit card companies are service providers not associated with Sally Beauty Supply for the purposes of the Asserted Patent, Sally Beauty Supply points to these companies' status as payment methods that Sally Beauty Supply accepts as indicative of the opposite. *Id.* Sally Beauty Supply emphasizes that it only accepts payment from similarly associated payment methods. ECF No. 19 at 6. Hence, the

6

Asserted Patent's core function—facilitating transactions between service providers both associated and unassociated with a particular vendor—can never arise. *Id.*

Second, Sally Beauty Supply argues that AML's identified service providers, various credit card companies, cannot be service providers under this Court's construction of the term. *Id.* at 18. Sally Beauty Supply points to this Court's construction of the term "service provider" in prior disputes concerning the Asserted Patent. *Id.* There, service provider was construed to mean "a business that provides internet-related services to customers." *Id*. Sally Beauty Supply, relying on this construction, asserts that credit card companies do not provide internet-related services and thus cannot be service providers with respect to the Asserted Patent. *Id.*

AML responds that its identified credit card companies are in fact unassociated service providers and disputes that these companies do not provide internet-related services. ECF No. 18 at 15–17. First, AML seems to rely on a different understanding of what it means for a service provider to be "associated" with a vendor. *See* ECF No. 15 at 17. *But see* ECF No. 18 at 15. Second, AML presents a website, operated by a presumably typical credit card company, that aggregates links to other websites. ECF No. 18 at 17. AML argues that such websites constitute an internet-related service vis-à-vis the Asserted Patent, and that as such, its identified credit card companies are service providers. *Id.* at 16–17.

On Sally Beauty Supply's first point, this Court finds there to be disagreement between the parties on what it means for a service provider to be associated with a vendor. Both AML and Sally Beauty Supply seem to construe "associate" differently. And neither party provides normally helpful evidence, such as expert testimony, to resolve this disagreement, suggesting this suit is at too early a stage to warrant dismissal. Additionally, because this motion is a 12(b)(6)

motion, the presence of factual disputes undercuts Sally Beauty Supply's case, as said disputes must be resolved in AML's favor.

On Sally Beauty Supply's second point, this Court finds the question of the identified credit card companies' status as businesses offering internet-related services similarly unresolved. AML disputes Sally Beauty Supply's contention that the aforementioned companies do not provide internet-related services. And this contention, which relies only on Sally Beauty Supply's own opinion, does not surmount this Court's obligation to view the pled allegations in a light most favorable to the non-movant.

As such, this Court, viewing the well-pled allegations as true and in the light most favorable to the non-movant, **DENIES** Sally Beauty Supply's motion to dismiss for failure to state a claim of direct infringement.

## IV.    CONCLUSION

Accordingly, the Court reserves the issue of the eligibility of the Asserted Patent for a later time. Defendant Sally Beauty Supply LLC's Motion to Dismiss for Failure to State a Claim, ECF No. 15, is **DENIED**.

**SIGNED** this 5th day of August, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE